UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHANDRA V. PHARMACEUTICAL CONSULTANTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BAUSCH HEALTH IRELAND LTD., BAUSCH HEALTH AMERICAS, INC., BAUSCH + LOMB CORPORATION, and BAUSCH HEALTH COMPANIES, INC.,<br><br>    Defendants. | No. 23 C 15958<br><br>Judge Sara L. Ellis |

**OPINION AND ORDER**

Plaintiff Chandra V. Pharmaceutical Consultants, LLC ("Chandra V") and Defendants Bausch Health Ireland Ltd., Bausch Health Americas, Inc., Bausch + Lomb Corporation, and Bausch Health Companies, Inc. (collectively, "Bausch") entered into separate agreements for the development of two generic ophthalmic drugs. After Bausch allegedly failed to perform its obligations under the agreements, Chandra V filed this action for breach of contract and breach of the implied duty of good faith and fair dealing. Bausch now moves under Federal Rule of Civil Procedure 12(b)(6) for the Court to dismiss Chandra V's complaint with prejudice. Because the Court finds that Chandra V failed to allege sufficient facts to raise a plausible claim that Bausch breached the express terms of the contracts at issue, the Court grants in part Bausch's motion to dismiss. However, the Court finds that Chandra V sufficiently alleges that Bausch breached its implied duty of good faith and fair dealing, which itself constitutes a breach of contract. The Court gives Chandra V leave to amend the complaint if it so chooses.

# BACKGROUND[1]

Chandra V is a generic pharmaceutical treatment developer. Bausch, formerly known as Valeant, develops, manufactures, markets, imports, and sells pharmaceutical products. Chandra V engaged Bausch as its partner to develop, obtain FDA approval for, manufacture, supply, and commercialize two generic ophthalmic drugs, Tobramycin Ophthalmic Ointment ("Tobramycin"), a generic version of the branded-product TOBREX® used to treat eye infections, and Prednisolone Acetate Ophthalmic Ointment ("Pred Acetate," together with Tobramycin, the "Drugs"), a generic version of the branded-product PRED FORTE® used for treating eye inflammation. In April 2014, Chandra V and Bausch entered a co-development, license, and distribution agreement for Tobramycin (the "Tobramycin Agreement"), and in October 2016 entered a similar co-development, license, and distribution agreement for Pred Acetate (the "Pred Acetate Agreement," together with the Tobramycin Agreement, the "Agreements").

The Agreements are essentially identical in form. In them, Bausch agreed to perform certain services ("the Services") to advance development of each of the Drugs as described within Sections 1.18 and 2.1 of each of the Agreements, as well as their respective Exhibits B. The Tobramycin Agreement requires Bausch to perform four services, while the Pred Acetate Agreement requires Bausch to perform over seventy.

---

[1] The Court takes the facts in the background section from Chandra V's complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving the defendant's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The Court may also consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [its] claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

In Section 3.1 of both Agreements, Bausch agreed to prepare the Abbreviated New Drug Application ("ANDA") for both Drugs, as well as any regulatory dossiers required to obtain FDA approval for the Drugs. In Sections 4.1 and 5.1 of both Agreements, Bausch agreed to manufacture each of the Drugs and, "within 90 days after receipt of a final approval from the FDA for the ANDA" of each of the Drugs, "use Commercially Reasonable Efforts to market and sell" the Drugs. Doc. 1-1 at 6; Doc. 1-2 at 6. In Section 5.2 of both Agreements, Bausch agreed to make certain Milestone Payments to Chandra V. Exhibit C to the Tobramycin Agreement requires Bausch to make one $100,000 payment after executing the agreement and a $500,000 payment upon receipt from the FDA of the ANDA approval letter for the drug. Exhibit C to the Pred Acetate Agreement requires Bausch to make one $100,000 payment after executing the agreement, one $1,000,000 payment after initiating the clinical trial, and one $400,000 payment after submitting the Pred Acetate ANDA. In Section 11.1 of both Agreements, Bausch agreed to engage in an informal dispute resolution procedure requiring executives from each of the parties to attempt to resolve disputes before either party could resort to legal remedies. The parties included a New York choice of law provision in the Agreements, and the Agreements remain in full force and effect.

Development of the Drugs has apparently been slow-going. Bausch filed an ANDA for Tobramycin on or around January 5, 2021, just shy of seven years after the parties signed the Tobramycin Agreement. According to Chandra V, the FDA subsequently issued a Refuse-to-Receive letter due to apparent deficiencies with the Tobramycin ANDA. To date, Bausch has not yet submitted an ANDA for Pred Acetate.

Chandra V pleads two counts for breach of contract in its complaint, one for each of the Agreements. In both counts, Chandra V alleges that Bausch breached the respective Agreements

in multiple respects. Chandra V alleges that Bausch breached its obligation to perform the Services as outlined in Sections 1.18 and 2.1, and Exhibit B of both Agreements. Chandra V also alleges that Bausch breached its obligation to file ANDAs and successfully secure regulatory approval for the Drugs as outlined in Section 3.1. Chandra V further claims that Bausch breached its obligation to commercialize and manufacture the Drugs as set out in Sections 4.1 and 5.1, its obligation to make Milestone Payments under Section 5.2, and its obligation to use the dispute resolution procedures outlined under Section 11.1.

Within both counts alleging breach of the Agreements, Chandra V also alleges that Bausch breached its implied duty of good faith and fair dealing. Chandra V alleges Bausch did so by failing to develop the drugs "in a timely and commercially reasonable manner," Doc. 1 ¶¶ 93(a), 106(a), "failing to obtain FDA approval for the [Drugs] in a timely and commercially reasonable manner," *id.* ¶¶ 93(b), 106(b), "failing to promptly and properly remedy the deficiencies identified by the FDA," *id.* ¶¶ 93(c), 106(c), "failing to provide appropriate facilities to support development, regulatory approval, manufacturing, supplying and commercialization of the [Drugs]," *id.* ¶¶ 93(d), 106(d), "failing to communicate with Chandra V and keep Chandra V apprised of all the issues relating to the development [of the Drugs]," *id.* ¶¶ 93(e), 106(e), "failing to advise Chandra V of the Bausch Defendants' inability and/or refusal to [pursue development of the Drugs]," *id.* ¶¶ 93(f), 106(f), "failing to hire the proper consultants and professionals" to secure regulatory approval and correct any deficiencies with the Drugs, *id.* ¶¶ 93(g), 106(g), "failing to engage in any dispute resolution dialogues or mechanisms," *id.* ¶¶ 93(h), 106(h), and "other acts of bad faith that discovery shall reveal," *id.* ¶¶ 93(i), 106(i).

4

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Bausch moves to dismiss Chandra V's complaint with prejudice, arguing that the complaint does not allege sufficient facts to provide it notice about how it failed to perform and that Chandra V cannot construe the Agreements to obligate Bausch to secure FDA approval. Bausch further contends that the claim for breach of implied duty of good faith and fair dealing is duplicative because it relies on the same facts as Chandra V's claim for express breach, meaning it too must fail. The Court addresses these arguments in turn.

**I.  Breach of Contract**

Because of the Agreements' choice of law provisions, the Court turns to New York law to determine whether Chandra V's complaint states a claim for breach of contract. *Fulcrum Fin. Partners v. Meridian Leasing Corp.*, 230 F.3d 1004, 1011 (7th Cir. 2000) (federal courts "look to

5

the forum state's . . . choice-of-law rules to determine the applicable substantive law. In contract disputes . . . Illinois respects the contract's choice-of-law clause as long as the contract is valid and the law chosen is not contrary to Illinois's fundamental public policy."). To state a claim for breach of contract under New York law, the complaint must allege: "[1] the existence of a contract, [2] the plaintiff's performance pursuant to the contract, [3] the defendant's breach of his or her contractual obligations, and [4] damages resulting from the breach." *Dee v. Rakower*, 976 N.Y.S.2d 470, 474 (N.Y. App. Div. 2013). A plaintiff's complaint must contain more than "legal conclusions or conclusory allegations," and the allegations must "plausibly suggest an entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Though a plaintiff need not definitively prove its claim at this early stage of the case, it still must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015).

Bausch's arguments center around the sufficiency of Chandra V's allegations that Bausch breached its contractual obligations under the Agreements, as well as whether Chandra V has sufficiently alleged damages arising from any resulting breach of the dispute resolution provisions. The alleged breaches include failing to perform the Services, failing to prepare the ANDAs for the Drugs (and subsequently failing to secure FDA approval for the Drugs), failing to manufacture and commercialize the Drugs, failing to make one or more Milestone Payments, and failing to engage in the Agreements' dispute resolution procedures.

### A. The Services

Chandra V alleges that Bausch breached the Agreements by failing to perform the Services it agreed to perform in Sections 1.18 and 2.1, and Exhibit B of the Agreements. These

sections set out Bausch's duty to perform services such as formulation development, drug substance and product development, method transfer, and manufacturing, as well as other activities necessary to prepare the Drugs for FDA approval.

"To state a valid claim for breach of contract, a plaintiff must state when and how the defendant breached the specific contractual promise." *Livingston v. Trustco Bank*, No. 20 C 1030, 2022 WL 798157, at *36 (N.D.N.Y. Mar. 16, 2022) (quoting *Ally Fin. Inc. v. Auto Grp. NY LLC*, 20 C 1281, 2021 WL 4033249, at *5 (E.D.N.Y. Sept. 3, 2021)). "Merely attaching a contract does not allege a breach of its terms—the complaint must identify the contractual obligation that was breached *and allege how*." *Wallert v. Atlan*, 141 F. Supp. 3d 258, 286 (S.D.N.Y. 2015) (emphasis added) (citing *Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81 (S.D.N.Y. 2015), *reversed on other grounds*, 903 F.3d 185 (2d Cir. 2018)).

While the Court must accept factual allegations as true and draw all inferences in the plaintiff's favor, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Here, Chandra V alleges Bausch breached the Agreements by failing to perform the Services as outlined in each Agreement. *See* Doc. 1 ¶ 59 ("The Bausch Defendants failed to perform the Valeant Development Services required under Sections 1.18, 2.1 and Exhibit B of the Tobramycin CDLDA."), *id.* ¶ 66 ("The Bausch Defendants failed to perform the Valeant Development Services required under Sections 1.18, 2.1 and Exhibit B of the Pred Acetate CDLDA."). Exhibit B to the Tobramycin Agreement requires Bausch to perform four services, *see* Doc. 1-1 at 17, and Exhibit B to the Pred Acetate Agreement enumerates over seventy, *see* Doc. 1-2 at 18–21. But nowhere in Chandra V's complaint does it single out *which* services it knows or has reason to believe Bausch failed to perform: it simply points to section numbers and exhibits, and states that Bausch breached them.

Chandra V first argues that the case on which Bausch relies, *Wallert*, is inapposite because it comes from the Southern District of New York, not New York state court, and because a close look at *Wallert* and the case on which it based its holding, *Spinelli*, reveal that it does not support Bausch's arguments. Although *Wallert* and *Spinelli* are cases from a federal district court, they are cases in which the federal district court applied bedrock New York state contract law. *See Wallert*, 141 F. Supp. 3d at 286 (discussing New York contract law principles); *Spinelli*, 96 F. Supp. 3d at 131–32 (same). The Court thus takes them as persuasive authority. *Spinelli* recited the proposition that a complaint fails to state a claim when it alleges conduct on a defendant's part, but "nowhere allege[s] specific contractual provisions that" the defendant breached. *Spinelli*, 96 F. Supp. 3d at 132 (citing cases). It is not a controversial idea that a complaint fails to sufficiently allege conduct that breaches a contract without finding support for that breach in the contract itself. *Wallert* provides the mirror image of *Spinelli*: it held that a complaint fails to state a claim when it alleges a breach of contract, but nowhere alleges specific conduct that led to the breach. *See Wallert*, 141 F. Supp. 3d at 286 ("Merely attaching a contract does not allege a breach of its terms—the complaint must identify the contractual obligation that was breached and allege how."). In light of *Iqbal*'s command that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, it makes sense that a plaintiff must articulate both the specific offending conduct as well as the contractual language that the conduct breaches. Otherwise, a plaintiff could get around the requirement that it must do more than simply attach a contract to its complaint and then claim a breach by doing what Chandra V does here: attaching a contract to its complaint, pointing at section headers, and then claiming a breach. Although Chandra V's tactics might provide more notice to the defendant as

to which provisions it breached, they are still conclusory statements that run afoul of *Iqbal*'s plausibility standard. *See Wallert*, 141 F. Supp. 3d at 286.

Here, Chandra V does little more to allege that Bausch breached its obligation to perform the Services set out in the Agreements than attach them to its complaint and point to section headers. It does not provide support for its claims by pairing the purportedly breached sections with offending conduct. *See, e.g.*, Doc. 1 ¶ 59 (alleging that Bausch "failed to perform the Valeant Development Services required under Sections 1.18, 2.1 and Exhibit B of the Tobramycin CDLDA."). Accordingly, Chandra V's allegations are wholly conclusory and thus fail to state a claim with respect to the breach of any of these Services. *See Iqbal*, 556 U.S. at 678.

### B.    Regulatory Approval

Chandra V next alleges that Bausch failed to perform under the Agreements by failing to secure FDA approval for the Drugs. "Although the law does not require a party to fulfill a condition of a contract that is incapable of fulfillment and is not that party's fault, there must be a genuine effort to fulfill the condition." *Buffardi v. Parillo*, 563 N.Y.S.2d 948, 950 (N.Y. App. Div. 1990) (citing *Cone v. Daus*, 501 N.Y.S.2d 523, 524–25 (N.Y. App. Div. 1986)).

Chandra V alleges that Bausch breached Section 3.1 of both Agreements "by failing to prepare the ANDA and other Regulatory Dossiers for the [Drugs] required to be made in connection with obtaining Regulatory Approval with the FDA, as required therein." Doc. 1 ¶¶ 61, 68. Chandra V adds in its response to Bausch's motion to dismiss that, although Bausch indeed filed an ANDA for Tobramycin, "the FDA promptly rejected [it] by issuing a[ Refuse-to-Receive letter] as a result of Bausch's failure to comply with FDA guidelines and regulations." Doc. 25 at 11.

9

Bausch argues that Chandra V cannot hold it liable for failing to secure regulatory approval for the Drugs—especially Tobramycin, for which Bausch submitted an ADNA—because the power to grant such approval belongs to the FDA alone. Bausch further contends that it has not yet completed its Pred Acetate development, meaning that filing an ANDA for the drug at this stage would be futile. Bausch thus argues that Pred Acetate's satisfactory development is an unfulfilled condition precedent to its contractual obligation to file an ANDA. Under New York law, a condition precedent is an "act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." *Comerica Leasing Corp. v. Bombardier, Inc.*, 16 C 614, 2019 WL 11027701, at *5 (S.D.N.Y. 2019) (quoting *Bank of N.Y. Mellon Tr. Co. v. Morgan Stanley Mortg. Capital, Inc.*, 821 F.3d 297, 305 (2d Cir. 2016)). It "must clearly appear from the agreement itself that the parties intended a provision to operate as a condition precedent." *Ashkenazi v. Kent S. Assocs., LLC*, 857 N.Y.S.2d 693, 693 (N.Y. App. Div. 2008) (internal quotations omitted).

Chandra V responds to Bausch's argument by explaining that its claim is really that Bausch failed to take the necessary advance steps to *secure* the regulatory approval. Chandra V would be correct—if Bausch failed to take the prerequisite actions necessary to secure the data and other information that a successful ANDA requires, then Chandra V would have a cognizable theory for a breach of contract because its claim would rest on Bausch's failure to perform those precedent acts that may have led to regulatory approval. *See, e.g.*, *Lomaglio Assocs. v. LBK Marketing Corp.*, 892 F. Supp. 89, 93 (S.D.N.Y. 1995) (defendant's failure to take actions that would lead to satisfaction of condition precedent "will operate to excuse the condition precedent which was wrongfully prevented from occurring, thereby rendering the contract enforceable"). However, Chandra V's argument then runs into the same issue with

respect to its claims based on Bausch's purported non-performance of the Valeant Development Services—the complaint, aside from saying that Bausch did not perform its duties under the contract, is silent as to the acts that Bausch allegedly did not take to prepare the Pred Acetate ANDA and what steps Bausch ought to have taken to avoid a Refuse-to-Receive letter from the FDA after it submitted its Tobramycin ANDA. Without such facts, the Court is again left with conclusory sentiments that Bausch failed to perform under a contract and therefore breached it—this is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. The Court thus dismisses Chandra V's claims based on Bausch's failure to secure FDA approval for the Drugs.

### C. Manufacturing and Commercialization

Next, Chandra V alleges that Bausch breached the Agreements by failing to manufacture and commercialize the Drugs. Bausch contends that the Agreements conditioned these provisions on obtaining FDA approval for the Drugs, and that its non-performance is therefore excused due to an unsatisfied condition precedent. Chandra V argues that the Agreements do not explicitly contain the condition that FDA approval was a prerequisite for Bausch to manufacture and commercialize the Drugs. *See Ashkenazi*, 857 N.Y.S.2d at 693 (it "must clearly appear from the agreement itself that the parties intended a provision to operate as a condition precedent"). But Section 5.1 of the respective Agreements provides that "[w]ithin 90 days after receipt of a final approval from the FDA for the ANDA, Valeant shall use Commercially Reasonable Efforts to market and sell the Product in the Territory." Doc. 1-1 at 6, Doc. 1-2 at 6. This clearly shows that the parties contemplated securing FDA approval in advance of commercializing the product.

Chandra V further argues that Bausch's failure to manufacture and commercialize the Drugs constitutes a breach of the Agreements because Bausch failed to perform the Services—leading to the failure to receive FDA approval for the Drugs—meaning that Bausch caused its

own non-performance of these later conditional obligations. *See Lomaglio Assocs.*, 892 F.Supp. at 93. However, for the same reasons the Court discussed above—Chandra V fails to allege with sufficient detail the acts Bausch allegedly failed to take—the Court finds that Chandra V fails to state a claim on this breach of contract theory as well. *See Iqbal*, 556 U.S. at 678.

### D. Milestone Payments

Chandra V alleges that Bausch breached Section 5.2 of both Agreements "by failing to make one or more of the required Milestone Payments described" in the Agreements. Doc. 1 ¶¶ 63, 70. However, the complaint does not allege which Milestone Payments Bausch failed to make. Combined, the two Agreements require Bausch to make up to five Milestone Payments. The Tobramycin Agreement requires Bausch to make one $100,000 payment after executing the agreement and a $500,000 payment upon receipt from the FDA of the ANDA approval letter for the drug. The Pred Acetate Agreement requires Bausch to make one $100,000 payment after executing the agreement, one $1,000,000 after initiating the clinical trial, and one $400,000 payment after submitting the Pred Acetate ANDA. The Court has no way of knowing which payments Bausch failed to make without greater specification in the complaint. *See McCauley*, 671 F.3d at 617 (complaint must "plausibly suggest an entitlement to relief").

In support of its allegations, Chandra V argues that Bausch's other breaches prevented the Drugs' development progress from reaching the conditioned milestones and making those payments become due. However, the Court has already determined that Chandra V failed to sufficiently plead those breaches. Accordingly, because Bausch's liability for failing to make Milestone Payments ultimately rests on inadequately pleaded allegations for other breaches of contract, the Court dismisses these claims as well.

### E. Dispute Resolution Provisions

Chandra V alleges that Bausch failed to engage in the dispute resolution procedures as provided in the Agreements. *See* Doc. 1 ¶ 78. Bausch contends this claim fails because Chandra V does not allege that its failure to engage in dispute resolutions caused damages, as New York law requires. *See Dee*, 976 N.Y.S.2d at 474. Chandra V did not respond to Bausch's argument—waiving its opposition, *see Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) (claims waived where party asserting them "did not provide the district court with any basis to decide" them and "did not respond to [the opposing party's] arguments")—and in any event failed to plead damages related to any breach of the dispute resolution procedures. *See* Doc. 1 ¶¶ 80–86 (alleging Chandra V's damages). The Court thus dismisses Chandra V's claim that Bausch breached the Agreements by failing to adhere to the dispute resolution procedures.

The Court finds that Chandra V's complaint fails to state a breach of contract. The Court dismisses these claims without prejudice and grants Chandra V leave to replead its breach of contract claims in an amended complaint.

### II. Breach of Duty of Good Faith and Fair Dealing

As part of both counts alleging breach of the Tobramycin and Pred Acetate Agreements, Chandra V also asserts that Bausch breached its implied duty of good faith and fair dealing. Under New York law, every contract contains an implied covenant of good faith and fair dealing that "encompasses any promises that a reasonable promisee would understand to be included." *N.Y. Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 769 (N.Y. 1995) (citation omitted). The implied covenant is a promise that "neither party to a contract shall do anything [that] has the effect of destroying or injuring the right of the other party to receive the fruits of the contract," or to violate the parties' "presumed intentions or reasonable expectations." *M/A-COM Sec. Corp. v.*

13

*Galesi*, 904 F.2d 134, 136 (2d Cir. 1990) (citations omitted). "Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion." *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011) (internal quotation marks omitted). "While independent obligations beyond those stated in the contract will not be inferred, a plaintiff adequately states an implied covenant claim by alleging conduct that subverts the contract's purpose without violating its express terms." *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 C 9116, 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009).

"[A] party is able to allege breach of an implied duty of good faith and fair dealing as part of [a] general breach of contract claim." *Scheuer v. U.S. Liab. Ins. Co.*, No. 22 C 9474, 2023 WL 4275114, at *2-3 (S.D.N.Y. 2023). However, a claim for breach of the implied duty of good faith and fair dealing "may be dismissed 'as duplicative' when the claim is not 'based on allegations different from those underlying the breach of contract claim.'" *Sorotzkin v. Emblemhealth Inc.*, No. 22-3194, 2023 WL 7383169, at *2 (2d Cir. Oct. 30, 2023) (quoting *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022)) (internal quotation marks omitted).

Bausch argues two grounds for dismissing Chandra V's breach of duty of good faith and fair dealing allegations. First, Bausch argues that these claims rely on the same allegations as its breach of contract claims, and so the Court should dismiss them as duplicative. *See JN Contemp. Art LLC*, 29 F.4th at 128 (breach of duty of good faith and fair dealing "allegations [must be] different from those underlying the breach of contract claim, and the relief sought [cannot be] intrinsically tied to the damages that flow from the breach of contract"). Bausch also argues that Chandra V fails to sufficiently allege how the purported breaches of good faith deprived Chandra V of the benefits of the Agreements. Both arguments fail.

First, the factual allegations to establish Bausch's breach of the implied covenant of good faith and fair dealing that Chandra V levies are meaningfully different from the allegations at the heart of its direct breach claim. Compare, for example, the first factual allegation in Count 1 for direct breach of the Tobramycin Agreement with the first factual allegation in Count 1 for breach of the implied covenant. *Compare, e.g.*, Doc. 1 ¶ 89(a) (alleging that Bausch breached the Tobramycin Agreement by "failing to perform the Valeant Development Services required under Sections 1.18, 2.1 and Exhibit B"), *with id.* ¶ 93(a) (alleging that Bausch breached its duty of good faith and fair dealing by "failing to develop the Tobramycin product in a timely and commercially reasonable manner"). The first allegation claims that Bausch did not perform its end of the contract. This allegation squarely aligns with the terms of the contract—in fact, as the Court discussed, it tracks the contract too closely and goes no further. The second allegation, however, says that Bausch did not perform its contractual obligations in a "timely" manner. *Cf. 511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 501 (N.Y. 2002) ("[P]laintiffs pleaded that they reasonably understood the offering plan to state a duty, at the very least, to sell a sufficient number of shares in a timely manner so as to create a viable cooperative."). The Agreement was silent as to the amount of time that Bausch had to perform its contractual duties, meaning this allegation is factually distinct from Chandra V's allegation that Bausch merely failed to perform its duties. Most of Chandra V's other breach of the implied duty of good faith and fair dealing allegations likewise rely on understandings that Chandra V had about Bausch's performance of the contract that were not directly included in the contract. *See, e.g.*, Doc. 1 ¶¶ 93(b), 106(b) ("failing to obtain FDA approval for the [Drugs] in a timely and commercially reasonable manner"), *id.* ¶¶ 93(c), 106(c) ("failing to promptly and properly remedy the deficiencies identified by the FDA"), *id.* ¶¶ 93(d), 106(d) ("failing to provide

15

appropriate facilities to support development, regulatory approval, manufacturing, supplying and commercialization of the [Drugs]"), *id.* ¶¶ 93(e), 106(e) ("failing to communicate with Chandra V and keep Chandra V apprised of all the issues relating to the development [of the Drugs]"), *id.* ¶¶ 93(f), 106(f) ("failing to advise Chandra V of the Bausch Defendants' inability and/or refusal to [pursue development of the Drugs]"), *id.* ¶¶ 93(g), 106(g) ("failing to hire the proper consultants and professionals" to secure regulatory approval and correct any deficiencies with the Drugs).

Second, Bausch's argument that Chandra V did not sufficiently explain how the alleged breaches of good faith and fair dealing harmed it likewise fails because it had a duty not to abuse the discretion that the contract afforded it, and Chandra V's allegations spell out or allow the Court to readily infer how it suffered harm. *See Fishoff*, 634 F.3d at 653 ("Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion."). The Court takes the allegation that Bausch failed "to develop the Tobramycin product in a timely and commercially reasonable manner" as illustrative. Doc. 1 ¶ 93(a). The parties executed the Tobramycin Agreement over ten years ago, in April 2014. If the Court could not find that Bausch had a duty to perform under the contract in a timely manner, then Bausch could endlessly delay its development of Tobramycin, wholly defeating the purpose of the contract. *Cf. Jennifer Realty Co.*, 773 N.E.2d at 501 ("[P]laintiffs pleaded that they reasonably understood the offering plan to state a duty, at the very least, to sell a sufficient number of shares in a timely manner so as to create a viable cooperative."). The same is true for the Pred Acetate Agreement, which the parties signed in October 2016—nearly eight years ago. And, as Chandra V articulated in its response to Bausch's motion to dismiss, Bausch's failure to timely perform under the Agreements and to inform Chandra V of such

unwillingness or inability to perform deprived it of the opportunity to find a willing partner who would earnestly work toward the goal of developing and securing regulatory approval for the Drugs. *See* Doc. 25 at 15.[2]

Accordingly, the Court finds that Chandra V's complaint states a claim for breach of contract based on Bausch's alleged violation of the implied duty of good faith and fair dealing.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Bausch's motion to dismiss [18]. The Court finds that Chandra V's complaint states a claim for breach of contract under the theory that Bausch violated its implied duty of good faith and fair dealing. The Court dismisses without prejudice Chandra V's breach of contract claims based on its allegations that Bausch directly breached the contracts' terms. Chandra V may file an amended complaint by August 2, 2024.

Dated: July 8, 2024

SARA L. ELLIS
United States District Judge

---

[2] Although Chandra V did not include this damages allegation in its complaint, "a plaintiff may supplement the fact allegations of a complaint in response to a motion to dismiss so long as the supplementary information is consistent with the allegations of the complaint." *Campos v. Tubi, Inc.*, No. 23 C 3843, --- F. Supp. 3d. ---, 2024 WL 496234, at *10 n.9 (N.D. Ill. Feb. 8, 2024).